IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,550-01






EX PARTE JOSEPH RICHARD BRITTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NUMBER F-2004-0921-B IN THE 158TH JUDICIAL DISTRICT COURT

DENTON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of sexual performance by a child, and punishment was assessed at eight (8)
years' confinement. Applicant appeal his conviction but the appeal was dismissed. Britton
v. State, No. 02-05-0010-CR (Tex. App. -- Fort Worth, delivered February 24, 2005, no
pet.).

 Applicant contends that he was denied the right to appeal because trial counsel
informed him that he could not appeal from his conviction in cause number F-2004-0922-B,
and this advice led him to believe that any appeal from his convictions would be futile.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts which, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel informed Applicant that he could not appeal from his conviction
in cause number F-2004-0922-B, and whether such advice led Applicant to forebear filing
a timely notice of appeal in this cause. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus. The trial court shall supplement the habeas record with
copies of all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.